IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**AMERICAN GENERAL LIFE**
**INSURANCE COMPANY**
**PLAINTIFF**

VS.                                                       CIVIL ACTION NO. 1:15cv30-SA-SAA

**JANET KELLY AND AMY BERRY,**
**THE CHANCERY CLERK OF**
**CLAY COUNTY, MISSISSIPPI,**
**AS ADMINISTRATOR OF THE ESTATE**
**OF RANDY KELLY, DECEASED**
**DEFENDANTS**

## AGREED JUDGMENT OF DISMISSAL WITH PREJUDICE

This cause having come before the Court on the unopposed motion of Plaintiff, American General Life Insurance Company ("AGLIC"), by and through counsel, to dismiss it with prejudice from this cause, and for other relief, including attorneys' fees, expenses and a permanent injunction, and the Court being advised, hereby finds as follows:

1. On February 6, 2015, AGLIC filed its Interpleader Complaint and Request for Declaratory Judgment in the above referenced matter [Doc. 1], pursuant to 28 U.S.C. §1335, against Janet Kelly ("Mrs. Kelly"). Kelly was properly served, and responded to the Complaint on or about March 23, 2015. [Doc. 8].

2. Subsequently, AGLIC sought leave to amend its Complaint to join the Estate of Randy Kelly, deceased, by and through its administrator, Amy Berry, the Chancery Clerk of Clay County, Mississippi ("Mrs. Berry"). [Doc. 23]. The Court granted this request [Doc. 25], and AGLIC filed its Amended Interpleader Complaint and Request for Declaratory Judgment

naming Mrs. Berry as a party-defendant on July 9, 2015. [Doc. 26]. Thereafter, Mrs. Berry agreed to waive service of process [Doc. 29], and filed her Answer to the Amended Interpleader Complaint and Request for Declaratory Judgment on October 26, 2015. [Doc. 37].

3. As set forth in its Amended Interpleader Complaint and Request for Declaratory Judgment, Randy Kelly ("Mr. Kelly"), died on or about October 31, 2013. [Doc. 26 at ¶ 6]. At the time of his death, Mr. Kelly was insured under a term life insurance policy from AGLIC, number YMC3415535, effective, May 2, 2013 ("Policy"). *Id.* at ¶ 7; [Doc. 26-2]. The death benefit amount under the Policy is $300,000.00. *Id.*

4. At the time the life insurance application for the Policy was initially completed, Mr. Kelly designated his wife, Mrs. Kelly, the Defendant/claimant herein, as the beneficiary of the Policy. [Doc. 26 at ¶ 6]; see also [Doc. 26-2]. The beneficiary designation did not change from inception of the Policy to Mr. Kelly's death, and no contingent beneficiary was ever named. *Id.*

5. On or about November 12, 2013, Mrs. Kelly tendered a death certificate and claim paperwork to AGLIC, for the insurance proceeds due under the Policy. [Doc. 26-4]. Mr. Kelly's Certificate of Death confirms the manner of his death as "shot in head with .9mm handgun." [Doc. 26-1].

6. On or about February 27, 2014, AGLIC received information from the Clay County Coroner's Office and the West Point Police Department indicating that Mr. Kelly's death was a homicide and that Mrs. Kelly was a suspect in connection with the homicide. [Doc. 26 at ¶ 9].

1481461v.1

7. Based on the preceding facts, there existed an actual conflict related to Mrs. Kelly's claim for the life insurance proceeds under the Policy, on the basis of Mrs. Kelly's potential involvement in the decedent's death, pursuant to Mississippi Code Annotated § 91-1-25 ("the Slayer Statute") which provides that any person who "willfully cause or procure the death of another in any way, he shall not inherit the property, real or personal, of such other ... the same shall descend as if the person so causing or procuring the death had predeceased the person whose death he perpetuated, and it becomes payable as though the killer had predecease the decedent." MISS. CODE ANN. § 91-1-25. Therefore, if it was determined that Mrs. Kelly "willfully caused or procured" the death of Mr. Kelly, the benefits of the policy would pass to the decedent's estate.

8. Because AGLIC was justifiably uncertain as to the proper recipient of the life insurance benefits, and therefore, uncertain as to whether the payment of the insurance benefits to any of the Defendants would prevent it from being subjected to multiple and vexatious litigation at some point in the future, AGLIC filed its Amended Complaint for Interpleader and for Declaratory Relief.

9. AGLIC deposited with the Clerk of the Court, there to remain until the outcome of this action, a check totaling Three Hundred Thousand Dollars ($300,000.00), which represents the face value of life insurance proceeds from policy number YMC3415535. To date, the total balance including accrued interest is $300,094.53.

10. AGLIC was advised by letter dated November 23, 2015, from the West Point Police Department ("WPPD"), that Mrs. Kelly is no longer a suspect in the homicide of Mr. Kelly, and WPPD has closed its investigation.

11. AGLIC claims no beneficial interest in the subject insurance proceeds. AGLIC has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the insurance proceeds owed under the subject Policy.

12. Defendants have no opposition to AGLIC's recovery of attorneys' fees and expenses in the amount of $12,942.45, as it was necessary for AGLIC to retain the undersigned attorneys for the purpose of protecting its interest in prosecuting this action. Therefore, the Parties agree the Clerk of the Court shall issue payment to AGLIC in the amount of $12,942.45 from the proceeds of the Policy deposited into the registry of the Court to pay AGLIC'S reasonable attorneys' fees, costs and other expenses. See *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976) (noting that attorneys' fees and costs are generally awarded to the party who initiates the interpleaders as a mere disinterested stakeholder).

13. The remainder of the life insurance proceeds plus accrued interest held by the Court shall be distributed to the Mark A. Cliett client trust account in c/o Janet Kelly, P.O. Box 1463, West Point, MS 39773.

14. All parties shall be dismissed from this cause, with prejudice, each defendant to bear its own costs and fees, following distribution of the life insurance proceeds plus accrued interest as authorized in paragraphs 12 and 13.

**THE COURT THEREFORE FINDS, ORDERS AND ADJUDGES:**

A. That, on October 31, 2013, Randy Kelly ("Mr. Kelly"), died. At the time of his death, Mr. Kelly was insured under a term life insurance policy from AGLIC, number YMC3415535, effective, May 2, 2013 ("Policy");

B. That, at the time the life insurance application for the Policy was initially completed, Mr. Kelly designated his wife, Mr. Kelly, as the beneficiary of the Policy. The beneficiary designation did not change from inception of the Policy to Mr. Kelly's death, and no contingent beneficiary was ever named.

C. That, by reason of Mr. Kelly's death, the death benefit in the amount of $300,000, plus applicable interest, if any is payable, under the Policy is due and owing;

D. That, on or about November 12, 2013, Mrs. Kelly tendered a death certificate and claim paperwork to AGLIC, for the insurance proceeds due under the Policy. Mr. Kelly's Certificate of Death confirms the manner of his death as "shot in head with .9 mm handgun."

E. On or about February 27, 2014, AGLIC received information from the Clay County Coroner's Office and the West Point Police Department indicating that Mr. Kelly's death was a homicide and that Mrs. Kelly was a suspect in connection with the homicide.

F. That, based on the preceding facts, there existed an actual conflict related to Mrs. Kelly's claim for the life insurance proceeds under the Policy, pursuant to Mississippi Code Annotated §91-1-25 ("the Slayer Statute") which provides that any person who "willfully cause or procure the death of another in any way, he shall not inherit the property, real or personal, of such other . . . the same shall descend as if the person so causing or procuring the death had predeceased the person whose death he perpetuated, and it becomes payable as though the killer had predecease the decedent." MISS. CODE ANN. §91-1-25. Therefore, if it was determined that Mrs.

Kelly "willfully caused or procured" the death of Mr. Kelly, the benefits of the policy would pass to the decedent's estate.

G. That AGLIC possessed a real and reasonable fear of double liability related to the death benefit payable under the Policy;

H. That on February 6, 2015, AGLIC filed an Interpleader Complaint and Request for Declaratory Judgment against Mrs. Kelly.

I. That on July 9, 2015, AGLIC filed its Amended Interpleader Complaint and Request for Declaratory Judgment, naming the Estate of Randy Kelly, by and through its administrator Amy Berry, the Chancery Clerk of Clay County Mississippi.

J. That AGLIC deposited with the Court $300,000.00, which represents the death benefit due under the Policy.

K. That AGLIC was advised by letter dated November 23, 2015, from the West Point Police Department ("WPPD"), that Mrs. Kelly is no longer a suspect in the homicide of Mr. Kelly, and the WPPD has closed its investigation;

L. That because Mrs. Kelly, the sole beneficiary under the Policy, is no longer a suspect in the homicide of Mr. Kelly, Policy benefits deposited with the Court can now be distributed, and the matter dismissed;

M. That AGLIC claims no beneficial interest in the subject insurance proceeds. AGLIC has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the insurance proceeds owed under the subject Policy;

N. That defendants, and each of them, have agreed to pay from the interpleaded funds attorneys' fees and expenses incurred by AGLIC in the amount of $12,942.45, as it

was necessary for AGLIC to retain the undersigned attorneys for the purpose of protecting its interest in prosecuting this action.

O. That AGLIC, defendants, and each of them, agree the remainder of the money interpled by AGLIC with the Court in this action, which amounts to $287,152.08, plus any additional interest accrued while on deposit with the Court, are to be distributed to the Mark A. Cliett client trust account in c/o Janet Kelly, P.O. Box 1463, West Point, MS 39773

P. That having brought this action and deposited with the Court the death benefit due under the Policy, $300,000.00, AGLIC is discharged and released from any and all liability to the defendants, their agents, attorneys, guardians, heirs, devisees, legatees, personal representatives, successors and assigns, with the defendants forever barred, and permanently enjoined and restrained from asserting, instituting or prosecuting any and all claims, demands, actions or causes of action against AGLIC, its agents, employees, officers, directors, attorneys, successors, and assigns, which in any manner pertains to, relates to, or rises out of the subject Policy;

Q. That due to the receipt of the letter from the WPPD, dated November 23, 2015, indicating that Mrs. Kelly is no longer a suspect in the death of Mr. Kelly, the defendants no longer have a conflict and therefore defendants, and each of them, hereby release and forever discharge each other, their agents, attorneys, guardians, heirs, devisees, legatees, personal representatives, successors and assigns, and hereby are, forever barred, and permanently enjoined and restrained from asserting, instituting or prosecuting any and all claims, demands, actions or causes of action

based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, and/or the defendants' claims for the death benefit payable under the policy;

R. That the Clerk of the Court issue payment to AGLIC in the amount of $12,942.45 from the funds in the registry of the Court for reimbursement of its fees and expenses and shall mail said check to AGLIC's counsel, Kelly D Simpkins;

S. That the Clerk of the Court issue payment of the remainder of the funds on deposit in the registry of the Court, $287,152.08, plus any additional accrued interest, to the Mark A. Cliett client trust account in c/o Janet Kelly, P. O. Box 1463, West Point, MS 39773;

T. That the defendants are to bear their own fees and costs with respect to the litigation of this action;

U. That this final judgment of dismissal with prejudice of the entire action be entered and the case dismissed/closed pursuant to the Federal Rules of Civil Procedure, once the life insurance death benefit, plus accrued interest, are disbursed as directed in paragraphs "R" and "S" above.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2015.

*/s/ Sharion Aycock*
HONORABLE SHARION AYCOCK
UNITED STATES DISTRICT COURT JUDGE

Agreed to and Approved as to Form:

/s/ Mark A. Cliett
Mark A. Cliett (MSB #9950)
P. O.Box 1463
West Point, MS  39773
*Attorneys for Defendant, Janet Kelly*

/s/ Kelly D. Simpkins
Kelly D. Simpkins (MSB #9028)
Wells Marble & Hurst, PLLC
P. O. Box 131
Jackson, MS  39205-0131
*Attorney for Plaintiff*

/s/ Amy Berry
Hon. Amy Berry
Chancery Clerk of Clay County, Mississippi
Post Office Box 815
West Point, MS 39773
*On Behalf of the Estate of Randy Kelly, Deceased*

#250244

Page 9 of 9

1481461v.1